**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TIMOTHY ADAMS, | : | |
| | | Civil Action No. 12-280 (RBK) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| WARDEN J.T. SHARTLE, | : | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner pro se
Timothy Adams
#42380-019
FCI Fairton
PO Box 420
Fairton, NJ 08320

**KUGLER**, District Judge

Petitioner Timothy Adams, a prisoner currently confined at the FCI Fairton, in Fairton, New Jersey, has submitted a filing entitled "Petition for Common Law Writ of Habeas Corpus By a Person In Federal Custody," which was docketed here as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The named respondents in this matter are Warden J.T. Shartle, Kathleen Hawk Sawyer, and Eric Holder.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis. Because

it appears from a review of the Petition that this Court lacks jurisdiction, the Petition will be dismissed.

## I.   BACKGROUND

Petitioner is presently confined pursuant to a sentence imposed by the United States District Court, Middle District of North Carolina.  He was convicted of conspiracy to possess with intent to distribute and to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  <u>United States v. Timothy Adams, et. al.</u>, MDNC 6:94CR302-2.  The conviction was affirmed by the Fourth Circuit Court of Appeals, <u>United States v. Adams</u>, 103 F.3d 120 (4th Cir. 1996)(table)(unpublished opinion at 1996 WL 721890 (December 17, 19976)), and the United States Supreme Court denied the petition for writ of certiorari, <u>Adams v. United States</u>, 520 U.S. 1180 (1997).  Subsequently, Adams has filed numerous challenges to his sentence in both the Middle District of North Carolina and the District of New Jersey.

Prior to the filing of the instant matter, Petitioner has previously attempted and failed to challenge the legality of his conviction through other matters.  He has now filed the instant Petition attempting to seek habeas relief pursuant to Federal Rule of Civil Procedure 60(b)(4)(6), 28 U.S.C. §§ 1331 and 1651. Since Petitioner's challenge is ultimately a challenge to the legality of his sentence, the Court construes this filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2255.

III.   <u>ANALYSIS</u>

Here, in the district of confinement, Petitioner seeks habeas relief challenging his conviction on the grounds that the

3

court of conviction lacked jurisdiction to decide his case. Petitioner contends that a § 2255 Motion would not be adequate to challenge this issue.  Petitioner previously filed numerous unsuccessful challenges to his conviction, including motions under 28 U.S.C. § 2255 in the district of conviction and numerous petitions under § 2241 filed here in this district.  Second or successive motions under § 2255 are not permitted except in the instance of newly discovered evidence or a new rule of constitutional law that has been made retroactive.  See 28 U.S.C. § 2255(h).  Neither of those conditions exist here.

Petitioner seeks to challenge the legality of his federal sentence by setting forth the argument that the federal district court in which his criminal case was decided lacked jurisdiction to preside over that matter.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255

must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.

Section 2255 does, however, contain a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception.  Petitioner cannot

demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. To the contrary, here, the Petitioner challenges the legality of his confinement, a challenge which would generally fall within the scope of claims cognizable on direct appeal or in a § 2255 motion in the district of confinement. Section 2255 is not "inadequate or ineffective" merely because Petitioner now attempts to challenge his conviction on jurisdictional issues.

Accordingly, since the <u>Dorsainvil</u> exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

Petitioner has pursued his remedies in the court of conviction and his request for habeas relief has already been denied there. Furthermore the challenges presented here do not appear to be cognizable claims which would have merit elsewhere. Accordingly, it would not be in the interest of justice to

transfer this Petition to the trial court as a possible § 2255 motion.

## IV.    CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.


                                                s/Robert B. Kugler
                                                Robert B. Kugler
                                                United States District Judge

Dated: July 24, 2012